[No. 12345. In Bank. — June 7, 1888.]

THEOPHILE ROUSSINET, Appellant, *v.* F. REBOUT, Respondent.

LESSOR AND LESSEE — COVENANT BY LESSOR — LIABILITY FOR BREACH OF — NEGLIGENCE. — A lessor who covenants that certain acts to be done by him on the leased premises shall be without damage to the lessee is liable for damages occasioned to the latter by reason of such acts, whether the same were done either with or without negligence on his part.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The action was brought by a lessee to recover damages for the breach by the lessor of a covenant in a lease. The further facts are stated in the opinion of the court.

*M. V. Biscailuz*, and *Shaw & Damron*, for Appellant.

*George J. Denis*, and *Chapman & Hendrick*, for Respondent.

SEARLS, C. J. — Defendant was the owner of a lot of land in the city of Los Angeles, which he leased to the plaintiff.

The following is a copy of the lease, as translated, the original being in the French language:—

"Los Angeles, 16th of July, 1885 (contract made in duplicate). I declare having rented to Mr. Theophile Roussinet 9,975 square feet on Vignes Street. The conditions are, that I must take care of the trees and clean them; and the orange crop belongs to me. The contract is good for two years, with a three-months privilege. The rent for the land is three dollars, and for the house five dollars, per month; and the water shall be paid by the landlord and the tenants equally, payable in advance from the first day of August, 1885. The care given to the orange-trees must not cause any harm to the plants raised by the tenant.

    (Signed)                     " F. REBOUT."

The court below, after hearing the testimony of the plaintiff, upon motion of defendant granted a judgment of nonsuit, from which plaintiff appeals, and brings up the evidence in a bill of exceptions.

The whole problem is confined within narrow limits. There were upon the premises leased by defendant say fifteen orange-trees, the care and product of which he retained.

Plaintiff leased the land to be used, and used it for the cultivation of flowers, shrubs, trees, and rare and ornamental plants.

The lease made by defendant contained these clauses: "I [the defendant] must take care of the trees, and clean them; and the orange crop belongs to me. . . . . The care given to the orange-trees must not cause any harm to the plants raised by the tenant."

There was abundant evidence tending to show that defendant's orange-trees were infested with the insect known as the white cottony-cushion scale; that defendant, for the purpose of freeing his trees therefrom, used a stream of water from a garden-hose upon the trees,

whereby the insects were washed from the trees upon the ground, and upon plaintiff's plants and flowers, the effect of which was to injure and destroy them, and render them unfit for market, etc.

The court below, in granting the nonsuit, so far as we can judge from the record, proceeded upon the theory that defendant was charged in the complaint with having conducted the washing of his trees in a careless, negligent manner; and as the evidence failed to show negligence on his part, there could be no recovery.

It is true, the complaint charges the acts of washing the trees to have been negligently performed, but this was an immaterial averment. Defendant, having covenanted that "the care given to the orange-trees must not cause any harm to the plants raised by the tenant," is liable under the terms of his lease, if harm came to the plaintiff's plants, from the care given the orange-trees, either with or without negligence on his part.

It is a case of the alleged violation of a contract, which violation resulted in injury to plaintiff, and as there was testimony tending to sustain the material allegations of the complaint, the nonsuit was improperly granted.

Judgment reversed, and a new trial ordered.

THORNTON, J., SHARPSTEIN, J., McFARLAND, J., PATERSON, J., and McKINSTRY, J., concurred.

Rehearing denied.